UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 1:16-cv-00582-TWP-MJD |
| vs. | ) ) | |
| MK CONSTRUCTION, LLC, MATTHEW  CLINE, ALLIED DIVERSIFIED CONSTRUCTION, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's *Motion for Entry of Default Against MK Construction, Inc.* [Dkt. 18] and Plaintiff's *Motion for Entry of Default Against Matthew Cline* [Dkt. 19].  On August 22, 2016, District Judge Tanya Walton Pratt designated the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 33.]  For the reasons set forth below, the Magistrate Judge recommends Plaintiff's motions be **DENIED**.

Plaintiff filed its Complaint for Declaratory Judgment on March 16, 2016. [Dkt. 1.]  On June 14, 2016, a process server left a copy of the Complaint and Summons at 38 Curtis Avenue in Fort Thomas, Kentucky.  This address reportedly is the residence of Defendant Matthew Cline ("Cline"), registered agent of Defendant MK Construction, LLC ("MK Construction"). [Dkt. 19-1.]  On June 15, 2016, counsel for Plaintiff mailed a copy of the Complaint and Summons to the Curtis Avenue address. *Id*. On July 26, 2016, Plaintiff filed Returns of Service for Cline and MK Construction. [Dkt. 15; Dkt.16.]

1

Plaintiff filed these motions on July 27, 2016, requesting an entry of default because neither Cline nor MK Construction responded to the Complaint. Likewise, neither Cline nor MK Construction responded to these motions; however, Defendant Allied Diversified Construction, Inc. ("Allied"), objected to the motions arguing that Cline and MK Construction were not properly served. [Dkt. 26.] [1]

Pursuant to Fed. R. Civ. P. 4(e)(1), in the absence of a specific federal statutory provision, service of process is governed by the law of the state in which the federal district court sits. Indiana's Trial Rule 4.1 sets forth the guidelines for service of process on individuals. Service "may be made" by (1) sending a copy of the summons and complaint by certified mail to an individual's residence, (2) delivering a copy of the summons and complaint to him personally, (3) "leaving a copy of the summons and complaint at his dwelling house or usual place of abode," or (4) serving the individual's agent. Ind. T.R. 4.1(A).  Pursuant to Trial Rule 4.1(B), when service is made pursuant to T.R. 4.1(A)(3) or (4), such service must be followed up by sending a copy of the summons to the last known address of the person being served (which Plaintiff did in this case) and "this fact shall be shown upon the return" (which Plaintiff failed to do). Ind. T.R. 4.1(B).  Trial Rule 4.6 provides that service upon a corporation may be made upon the executive officer or registered agent in the manner provided for under Rule 4.1.

Allied asserts Plaintiff's service upon Cline and MK Construction was improper because the Curtis Avenue address was not confirmed to be Cline's residence. [Dkt. 26 at 7.]  With its Reply, Plaintiff included an Affidavit from the process server, Eddie Lawrence, detailing his attempts to serve Cline and MK Construction. [Dkt. 30-1.] On June 8, 2016, Lawrence made a second attempt at service at the Curtis Avenue address. *Id.* at ¶6. A woman who identified

---

[1] The bulk of Allied's Response addressed Plaintiff's motion for an entry of default against Allied, which subsequently was withdrawn by Plaintiff. [Dkt. 20; Dkt. 29.]

herself as the caregiver for Cline's grandmother stated that she did not know where Cline was

but that he did receive his mail at that address. *Id*. Lawrence made a third attempt to personally

serve Cline at the Curtis Avenue address on June 13, 2016 and finally left copies of the

Complaint and Summons by the front door of the home on June 14, 2016. Id. at ¶9. Lawrence

documented this with photographs that Allied attached it its Proofs of Service. [Dkt. 15; Dkt.

16.]

The Magistrate Judge finds that service of process on Cline and MK Construction by

leaving a copy of the Complaint and Summons at his "dwelling house or usual place of abode"

and subsequently mailing a copy to the same address *would be* proper under Indiana Trial Rule

4.1(A)(3). However, while Plaintiff indicated within the briefing of the Motion for Default that it

mailed copies of the Complaint and Summons to Cline and MK Construction, it failed to indicate

such on the Returns of Service, as required by T.R. 4.1(B).[2]  Consequently, the Magistrate Judge

recommends the Court **DENY** Plaintiff's *Motion for Entry of Default Against MK Construction,

Inc.* [Dkt. 18] and Plaintiff's *Motion for Entry of Default Against Matthew Cline* [Dkt. 19],

without prejudice to their resubmission once corrected returns of service have been filed to

reflect Plaintiff's compliance with Trial Rule 4.1(B).

Dated:  31 AUG 2016

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

[2] Plaintiff is granted leave to file amended versions of the Returns of Service, representing that copies of the summons were mailed to Cline and MK Construction, in order to comply with T.R. 4.1(B) and to then refile the motions for entry of default.

Distribution:

Steven C. Coffaro
KEATING MUETHING & KLEKAMP
scoffaro@kmklaw.com

Michael Robert Giordano
LEWIS WAGNER LLP
mgiordano@lewiswagner.com

Richard K. Shoultz
LEWIS WAGNER LLP
rshoultz@lewiswagner.com