UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) No. 1:16-cv-00582-TWP-MJD |
| vs. | ) ) |
| MK CONSTRUCTION, LLC, MATTHEW CLINE, ALLIED DIVERSIFIED CONSTRUCTION, INC., | ) ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's *Amended Motion for Entry of Default Against Mathew Cline*. [Dkt. 41] and Plaintiff's *Amended Motion for Entry of Default Against MK Construction, LLC*. [Dkt. 42]. On September 7, 2016, District Judge Tanya Walton Pratt designated the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 46.] For the reasons set forth below, the Magistrate Judge recommends Plaintiff's motions be **GRANTED**.

Plaintiff filed its Complaint for Declaratory Judgment on March 16, 2016. [Dkt. 1.] On June 14, 2016, a process server left a copy of the Complaint and Summons at 38 Custis Avenue in Fort Thomas, Kentucky. This address reportedly is the residence of Defendant Matthew Cline ("Cline"), registered agent of Defendant MK Construction, LLC ("MK Construction"). [Dkt. 19-1.] On June 15, 2016, counsel for Plaintiff mailed a copy of the Complaint and Summons to the Custis Avenue address. *Id*. On July 26, 2016, Plaintiff filed Returns of Service for Cline and MK Construction. [Dkt. 15; Dkt.16.] On September 1, 2016, Plaintiff filed Amended Returns of

1

Service for both, indicating the Complaint and Summons were mailed to the Custis Avenue address.

Plaintiff filed these motions on September 1, 2016, requesting an entry of default because neither Cline nor MK Construction responded to the Complaint. On September 6, 2016, Defendant Allied Diversified Construction, Inc. confirmed it would not oppose Plaintiff's amended motions for entry of default.  [*See* Dkt. 44 at 1.]  Pursuant to Fed. R. Civ. P. 4(e)(1), in the absence of a specific federal statutory provision, service of process is governed by the law of the state in which the federal district court sits. Indiana's Trial Rule 4.1 sets forth the guidelines for service of process on individuals. Service "may be made" by (1) sending a copy of the summons and complaint by certified mail to an individual's residence, (2) delivering a copy of the summons and complaint to him personally, (3) "leaving a copy of the summons and complaint at his dwelling house or usual place of abode," or (4) serving the individual's agent. Ind. T.R. 4.1(A). Pursuant to Trial Rule 4.1(B), when service is made pursuant to T.R. 4.1(A)(3) or (4), such service must be followed up by sending a copy of the summons to the last known address of the person being served (which Plaintiff did in this case) and "this fact shall be shown upon the return."  Ind. T.R. 4.1(B).  Trial Rule 4.6 provides that service upon a corporation may be made upon the executive officer or registered agent in the manner provided for under Rule 4.1.

Plaintiff provided an Affidavit from the process server, Eddie Lawrence, detailing his attempts to serve Cline and MK Construction. [Dkt. 30-1.] On June 8, 2016, Lawrence made a second attempt at service at the Custis Avenue address. *Id*. at ¶6. A woman who identified herself as the caregiver for Cline's grandmother stated that she did not know where Cline was but that he did receive his mail at that address. *Id*. Lawrence made a third attempt to personally

serve Cline at the Custis Avenue address on June 13, 2016 and finally left copies of the Complaint and Summons by the front door of the home on June 14, 2016. Id. at ¶9. Lawrence documented this with photographs that Allied attached it its Proofs of Service. [Dkt. 15; Dkt. 16.]

The Magistrate Judge finds that service of process on Cline and MK Construction by leaving a copy of the Complaint and Summons at his "dwelling house or usual place of abode" and subsequently mailing a copy to the same address is proper under Indiana Trial Rule 4.1(A)(3). Consequently, the Magistrate Judge recommends the Court **GRANT** Plaintiff's *Motion for Entry of Default Against Matthew Cline*. [Dkt. 41] and Plaintiff's *Motion for Entry of Default Against MK Construction, LLC*. [Dkt. 42].

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 16 SEP 2016

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Steven C. Coffaro
KEATING MUETHING & KLEKAMP
scoffaro@kmklaw.com

Michael Robert Giordano
LEWIS WAGNER LLP
mgiordano@lewiswagner.com

Richard K. Shoultz
LEWIS WAGNER LLP
rshoultz@lewiswagner.com